**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, a Delaware corporation, Plaintiff,**

v.

**BROTHERHOOD OF RAILWAY, AIR-LINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, an Association, Defendant.**

**Civ. No. 85–NC–0192W.**

United States District Court, D. Utah, N.D.

Jan. 9, 1986.

L. Ridd Larson, Kent H. Murdock, Robert A. Bogason, Stephen C. Tingey, Salt Lake City, Utah, for plaintiff.

A. Wally Sandack, Salt Lake City, Utah, Joseph Guerrieri, Jr., John A. Edmond, Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendant Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employers' ("BRAC") motion for a preliminary injunction. A temporary restraining order was issued on December 9, 1985, preventing plaintiff, Southern Pacific Transportation Company ("SP"), from directly bargaining or dealing with its BRAC-represented employees and from offering or granting lump sum sepa-

ration pay for voluntary resignations of these employees. A hearing on the preliminary injunction motion was held on January 3, 1986. Plaintiff SP was represented by L. Ridd Larson, Kent H. Murdock, and Robert A. Bogason. Defendant BRAC was represented by A. Wally Sandack and Joseph Guerrieri, Jr. Both parties have submitted memoranda and numerous declarations. The court has carefully considered these documents, various authorities cited therein, evidence presented at the hearing, and the oral arguments. Now being fully advised, the court renders the following Memorandum Decision and Order.

### Background

Defendant BRAC is a labor organization and the certified collective bargaining representative of the craft or class of clerical and related employees of SP for the purpose of collective bargaining under the Railway Labor Act. Plaintiff SP is a common carrier for hire transporting goods in interstate commerce and is subject to the Railway Labor Act, 45 U.S.C. §§ 151–188.

BRAC and SP have entered into various collective bargaining agreements, negotiated pursuant to the requirements of the Railway Labor Act, which establish rates of pay, rules, and working conditions of the employees who constitute the clerical and related craft or class.

In an effort to expedite attrition of its work force, SP began offering or granting lump sum separation payments for voluntary resignations of its clerks, including those represented by BRAC. By doing this, SP has bargained and intends to continue bargaining with its clerks on an individual basis, without BRAC's express approval.

### Relief Sought by Defendant BRAC

BRAC seeks a preliminary injunction to prevent SP from violating, among other things, the Railway Labor Act. More specifically, BRAC seeks to prevent SP from directly dealing, negotiating, or contracting with SP's BRAC-represented employees and from offering or granting separation pay for voluntary resignations of BRAC-represented employees in SP's efforts to expedite attrition of its work force. BRAC seeks to preserve the status quo pending SP's compliance with appropriate dispute resolution procedures under the Railway Labor Act.

### Discussion

Under the Railway Labor Act, SP has several obligations arising from its collective bargaining relationship with BRAC, including the obligation to bargain collectively on certain employment-related matters and refrain from interfering with BRAC's representation of its members. *See Ruby v. TACA International Airlines,* 439 F.2d 1359 (5th Cir.1971). It is the court's opinion that on the facts as developed at this stage of the litigation, BRAC has shown a sufficient likelihood of success on the merits of its claim that SP has violated its obligations under Section 2 of the Railway Labor Act, 45 U.S.C. § 152, by attempting to negotiate, bargain, or contract directly and individually with BRAC-represented employees concerning employment matters without the approval of the employees' duly certified and authorized representative. Such unilateral action undermines the very design and purpose of the Railway Labor Act which was enacted to promote and protect effective collective bargaining and representation in employment matters and to assure industrial peace. *See generally J.I. Case Co. v. NLRB,* 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762 (1944); *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944).

More specifically, it appears to the court that SP's actions in negotiating individual separation agreements with its BRAC-represented employees circumvent the existing collective bargaining relations and practices between BRAC and SP, result in a diminution of SP's obligations in the collective bargaining scheme, disturb the status quo between the parties, and undermine BRAC's role as the duly certified repre-

sentative. Further, SP's actions may cause confusion among SP's employees and disruption in the work force; introduce competition and discrimination that are upsetting to the structure of labor organization; and provide a leverage for taking away advantages under existing collective agreements. *See generally Railway Express Agency*, 321 U.S. at 347, 64 S.Ct. at 585–86. Without BRAC's involvement and approval, the terms of the individual agreements may not reflect the strength, bargaining power, and welfare of the employees as a group. Indeed, the practice and philosophy of collective bargaining look with suspicion upon individual agreements. *J.I. Case*, 321 U.S. at 338–39, 64 S.Ct. at 580–81 (individual advantages and bargains may prove disruptive of industrial peace, often break down some standard thought to be for the welfare of the group, and always create suspicion of being made at the long-range expense of the group as a whole). Accordingly, it is the court's opinion at this time that SP should not be permitted to expedite attrition of its work force by directly and individually negotiating or contracting with BRAC-represented employees, without BRAC's approval, concerning terms and conditions of employment such as compensated resignation arrangements. Severance pay, continuation of benefits, and other related matters governing compensated resignations are of obvious interest to all employees and should be discussed, negotiated, and contracted with the certified bargaining representative.

*Brotherhood of Railway, Airline and Steamship Clerks v. Chesapeake and Ohio Railway Co.*, 115 L.R.R.M. (BNA) 3635 (N.D. Ohio 1983), involves a similar factual situation. In that case the Chesapeake and Ohio Railway Company ("C & O") attempted to expedite attrition of its work force by offering lump sum severance allowances for voluntary resignations of BRAC-represented employees. BRAC sought to enjoin C & O from directly negotiating with its employees, preserving the status quo. BRAC alleged that by attempting to obtain individual separation agreements, C & O violated the Railway Labor Act and circumvented BRAC's position as the authorized collective bargaining representative. The court granted a preliminary injunction, enjoining C & O from soliciting or engaging in negotiations or discussions with BRAC-represented employees. BRAC then moved for summary judgment at which time C & O indicated to the court that it intended to implement a different program by which it would merely make a lump sum payment of a specific amount to each resigning employee, without any discussion or solicitation. This new plan, according to the court, violated the Railway Labor Act. C & O contended, however, that its proposed actions were consistent with past practices, that any claim by BRAC to the contrary gave rise to a minor dispute over what the existing agreements allowed, and that the court was thus without jurisdiction to consider the dispute. Because C & O's past practices were not sufficiently related to its proposed expedited attrition plan, C & O did not arguably establish an implied agreement that would permit it to carry out its plan without BRAC's approval. The court thus determined that the dispute was major, involving more than differing interpretations of existing agreements, and permanently enjoined C & O from maintaining or implementing the expedited attrition separation pay program and from engaging in negotiations or discussions with individual employees regarding separation pay or other related terms or conditions of employment.

It is the opinion of this court, based on the materials presently before it and also from a review of the *C & O* case and other cited authorities, that BRAC has shown a sufficient likelihood of success on the merits of its claim that this case involves a major dispute between the parties, precipitated by SP's violations of the Railway Labor Act. *See generally St. Louis Southwestern Railway Co. v. Brotherhood of Railroad Signalmen*, 665 F.2d 987, 998 (10th Cir.1981) (major dispute includes differences arising out of changes in carrier's and union's existing legal obligations and

**60**

relations); *Conrad v. Delta Air Lines, Inc.*, 494 F.2d 914, 918 (7th Cir.1974) (major dispute arising from claim that Railway Labor Act has been violated involves more than differing interpretations of collective agreements); *see also Detroit & Toledo Shore Line Railroad Co. v. United Transportation Union*, 396 U.S. 142, 90 S.Ct. 294, 24 L.Ed.2d 325 (1969) (major dispute if substantial disruption caused by carrier's action). Hence, this court has the jurisdiction and power to grant a preliminary injunction to enjoin SP's violations and preserve the status quo pending SP's compliance with appropriate dispute resolution procedures. *See Detroit & Toledo*, 396 U.S. at 151–53, 90 S.Ct. at 301 (status quo requirement implicit in obligations imposed upon carrier and union to exert every reasonable effort to make and maintain agreements in employment-related matters and to settle disputes); *United Transportation Union v. Burlington Northern, Inc.*, 458 F.2d 354, 357 (8th Cir.1972) (in major dispute, injunction may issue to maintain the status quo); *Ruby v. Intern. Airlines, S.A.* (5th Cir.1971) 439 F.2d 1359, at 1364 (federal court may enjoin violation of Railway Labor Act relating to duties of carrier to bargain collectively and to refrain from interfering with labor organization, regardless of type of dispute).

SP contends that its present actions in offering or granting lump sum separation payments for voluntary resignations are consistent with SP's "past practices" of buying out employees or seniority and that since BRAC has acquiesced in these practices, the present dispute is a minor one involving the interpretation or application of an existing agreement between the parties. The court disagrees. SP has not yet shown past practices sufficient to establish or attain the dignity of an implied agreement between SP and BRAC that would give SP the right, in attempting to reduce its work force, to negotiate with BRAC-represented employees and enter into individual separation agreements resulting in compensated resignations. That is, a comparison of the past buyouts suggested by SP and SP's present actions reveals a lack of continuity, mutual intent and understanding, purpose, and knowledge of or acquiescence in the past acts sufficient to establish that BRAC has agreed to SP's actions at issue in this case. Consequently, the evidence which SP has presented to date is not sufficiently substantial to persuade this court that SP's present actions are arguably consistent with some established past practice and that what is involved in this action is only a minor dispute involving differing interpretations of an implied or express collective agreement.

The court therefore concludes that BRAC has shown that it is likely to prevail on the merits of its claims that SP's unilateral actions in individually dealing or bargaining with BRAC-represented employees by accepting voluntary resignations for separation payments violate the Railway Labor Act and that the present action involves a major dispute between the parties.

Accordingly,

IT IS HEREBY ORDERED that defendant BRAC's motion for a preliminary injunction is granted. SP, its officers, agents, and employees, are hereby restrained and enjoined, until a final determination on the merits of this action, from unilaterally changing or modifying the rates of pay, rules, or working conditions of SP's BRAC-represented employees; from negotiating, offering, or granting separation pay or benefits for resignations of these employees; and from attempting to reduce SP's work force by making individual contracts resulting in compensated resignations of BRAC-represented employees, without the express approval of BRAC.

Counsel for BRAC are to prepare and submit appropriate Findings of Fact, Conclusions of Law and Preliminary Injunction consistent with Rule 52, Federal Rules of Civil Procedure, and this Memorandum Decision and Order.